UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL ANTHONY ROBINSON, #172898,

        Plaintiff,                                        Case Number 18-cv-13696

v.                                                        Honorable Thomas L. Ludington

THOMAS L. REIGLER,

        Defendant.
_____/

## ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND SUMMARILY DISMISSING THE COMPLAINT WITHOUT PREJUDICE

Plaintiff Darryl Anthony Robinson, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, recently filed a *pro se* civil rights complaint for money damages. Compl., ECF No. 1. The sole defendant is Thomas L. Reigler, an attorney in Florida. *Id*. at 2. Plaintiff alleges that in 1982 John Jurkas interrogated him, and Defendant Riegler made no attempt to suppress Plaintiff's statements to Jurkas even though Plaintiff was only sixteen years old at the time and not guilty. *Id*. at 6. Plaintiff contends that, because of Defendant's omissions, he was denied his constitutional right to effective assistance of counsel and placed in imminent danger in the county jail. *Id*. at 4.

**I.**

Plaintiff did not prepay the filing fee for this action. The Court, therefore, assumes that he wishes to proceed *in forma pauperis*. Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). However,

> a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting 28 U.S.C. § 1915(g)).

An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

> In addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed. Appx. at 798 (internal quotation marks and citations omitted). . . .

*Id*.

## II.

A review of federal court records indicates that more than three of Plaintiff's prior complaints have been dismissed in full or in part for failure to state a claim. *See Robinson v. Luoma*, No. 2:05-cv-218 (W.D. Mich. Nov. 7, 2005); *Robinson v. Lesatz, et al.,* No. 2:05-cv-217 (W.D. Mich. Nov. 7, 2005); *Robinson v. Snow., et al.*, No. 2:05-cv-212 (W.D. Mich. Oct. 28, 2005); *Robinson v. Kutchie, et al.,* No. 2:05-cv-211 (W.D. Mich. Oct. 28, 2005); *Robinson v. Etelamaki, et al.*, No. 2:05-cv-200 (W.D. Mich. Oct. 4, 2005); *Robinson v. Caruso, et al.*, No.

2:05-cv-191 (W.D. Mich. Sept. 21, 2005); *Robinson v. Etelamaki*, No. 2:05-cv-194 (W.D. Mich. Sept. 19, 2005); and *Robinson v. Meni*, *et al*., No. 2:05-cv-192 (W.D. Mich. Sept. 19, 2005). Plaintiff also has been notified that he has three strikes. *See Robinson v. Mich. Dep't of Corr.*, No. 1:17-cv-00270 (W.D. Mich. Mar. 31, 2017); *Robinson v. Livingston*, No. 1:08-cv-964 (W.D. Mich. Oct. 22, 2008). Therefore, Plaintiff may not proceed without prepayment of the filing fee for this action unless he can demonstrate that he was in imminent danger of serious physical harm when he filed his complaint.

Plaintiff's only allegation of imminent danger refers to the time that he was confined in the county jail, presumably back in 1982 and 1983. *See* Compl., ECF No. 1, at 6. Plaintiff has not shown that he was under imminent danger at the time he filed his complaint in November of 2018, when he was incarcerated at the Saginaw Correctional Facility, and his allegations of past danger are insufficient to invoke the imminent-danger exception to § 1915(g). *Vandiver v. Prison Health Servs.*, 727 F.3d at 585.

Plaintiff's allegation of imminent danger also is conclusory. Plaintiff has not alleged any facts to support the allegation or to allow the Court to draw a reasonable inference that imminent danger exists.

Accordingly, it is **ORDERED** that leave to proceed without prepayment of fees and costs is **DENIED**.

It is further **ORDERED** that the complaint is summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g).

It is further **ORDERED** that an appeal from this order could not be taken in good faith,

28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

                                                                                s/Thomas L. Ludington  
                                                                                THOMAS L. LUDINGTON  
                                                                                United States District Judge

Dated: January 30, 2019

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Darryl Robinson** #172898, CARSON CITY CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811 by first class U.S. mail on January 30, 2019.

                                          s/Kelly Winslow  
                                            KELLY WINSLOW, Case Manager